IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

LIBERTY MUTUAL FIRE INSURANCE CO.,

    Plaintiff,

v.                                          CIVIL ACTION NO. 4:13cv98

KB HOME, INC.,[1]
KB HOME RALEIGH-DURHAM, INC.,
and
STOCK BUILDING SUPPLY, LLC,

    Defendants.

## *MEMORANDUM OPINION AND ORDER*

This matter is currently before the Court on Defendants KB Home and KB Home Raleigh-Durham, Inc.'s ("KB Home Defendants") Motion to Dismiss, or in the Alternative, to Transfer Venue, filed on July 11, 2013. On July 22, 2013, Plaintiff Liberty Mutual Fire Insurance Company filed a Response requesting that the KB Home Defendants' Motion be denied, or, in the alternative, that it be granted leave to amend. Defendants filed a Reply on July 25, 2013. This matter is now ripe for disposition. For the reasons set forth below, Plaintiff is **GRANTED** leave to amend its Complaint to further allege facts regarding subject matter jurisdiction.

## I. FACTUAL AND PROCEDURAL HISTORY

Only a brief factual background is necessary for the subject matter of this Order. Plaintiff Liberty Mutual Fire Insurance Company filed a Complaint in this Court against KB Home, KB

---

[1] Defendant KB Home asserts that its proper title is "KB Home" and that it was erroneously sued as KB Home, Inc. Mot. to Dismiss 1. The Clerk is directed to amend the Defendant's name in the case caption accordingly.

1

Home Raleigh-Durham, Inc., and Stock Building Supply, LLC ("Stock"). Stock is a subcontractor for KB Home Raleigh-Durham. Plaintiff seeks a declaratory judgment concerning its rights and obligations as an insurer of all three defendants, stemming from an underlying action in North Carolina state court. In that action, homeowners sued the KB Home defendants, alleging water damage resulting from improper home construction; KB Home named Stock as a third-party defendant in that action. The KB Home Defendants then filed for a declaratory judgment in the same state court concerning the responsibilities of Plaintiff, and Plaintiff removed that suit to the District Court for the Eastern District of North Carolina. The parties eventually reached a settlement and agreed that Plaintiff would assume certain defense and indemnity obligations. Plaintiff has filed the instant suit requesting the Court to declare that Plaintiff's duty to defend has ended and that it has discharged its duties in the parties' settlement agreement.

## II. LEGAL STANDARDS

Defendants KB Home and KB Home move to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(3), which refer to the possible defenses of lack of subject-matter jurisdiction, lack of personal jurisdiction, and improper venue, respectively.

As relevant here, a federal court has subject-matter jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states." 28 U.S.C. § 1332(a)(1). The burden of proving subject-matter jurisdiction rests on the plaintiff, and a district court may consider evidence outside the pleadings in deciding whether it should dismiss an action for lack of subject matter jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F.3d 642 (4th Cir. 1999). It is proper to grant a Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is

entitled to prevail as a matter of law." *Id.* (quotation omitted). Section 1332(a) requires that all of the plaintiffs be from different states as all of the defendants, called "complete diversity." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). The second component of diversity jurisdiction is an amount in controversy that exceeds $75,000. In most instances, the good faith "sum claimed by the plaintiff controls." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). A defendant seeking dismissal for failure to meet the requisite amount in controversy "shoulder[s] a heavy burden" and must show that it is legally impossible for plaintiff to recover the amount it seeks. *Id.* When a suit is for declaratory or injunctive relief, the amount "is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). *See also Francis v. Allstate Ins. Co.*, 869 F. Supp. 2d 663, 668 (D. Md. 2012) (discussing calculation of amount in controversy in a suit for declaratory relief).

In addition to having jurisdiction over the subject-matter of the litigation, a federal court must have personal jurisdiction over the parties to a suit. Personal jurisdiction must be authorized both by the forum state's long-arm statute and by the Due Process Clause of the Fourteenth Amendment, which requires that a defendant have sufficient "minimum contacts" with the forum state. *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 (4th Cir. 2009). As Virginia's long-arm statute extends to the full scope of the Due Process Clause, the inquiries in this case are one and the same. *Id.* at 293. A defendant may be subject to general or specific jurisdiction, but only the latter is relevant here. *See* Pl. Br. in Resp. to Mot. to Dismiss 4. The Fourth Circuit requires a court to consider three factors: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the

3

State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711-12 (4th Cir. 2002).

Finally, the district in which the suit was brought must also be proper. Under 28 U.S.C. § 1391(b), venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

When venue is challenged, it is the burden of the plaintiff to prove its propriety. *Sheppard v. Jacksonville Marine Supply, Inc.*, 877 F. Supp. 260, 269 (D.S.C. 1995). If venue is improper, the court may dismiss the suit outright or may, if "in the interest of justice, transfer such case to any district or division where it could have been brought." 28 U.S.C. § 1406(a). Even if venue is proper under Section 1406, a court may also exercise its discretion to transfer venue to a district where the suit may initially have been brought "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). In considering whether to transfer to a more convenient district, a court should consider "(1) the plaintiff's initial choice of venue; (2) witness convenience and access; (3) the convenience of the parties; and (4) the interest of justice." *JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 736 (E.D. Va. 2007). The party moving for transfer bears the burden of showing that transfer is proper. *Id.*

While a federal court must determine that it has both subject matter jurisdiction and personal jurisdiction and that venue is proper before it can proceed with a case, it has some

4

flexibility in the order in which it decides those issues. The Supreme Court has noted that "there is no mandatory sequencing of jurisdictional issues." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007). Although subject-matter jurisdiction is "fundamentally preliminary," *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979), a court may nonetheless exercise its discretion to first address personal jurisdiction if it is a simple matter that would dispose of the case. *Lolavar v. De Santibañes*, 430 F.3d 221 (4th Cir. 2005). Similarly, while "personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum," a court may reverse that order and consider venue first "when there is a sound prudential justification for doing so." *Leroy*, 443 U.S. at 180.

### III. DISCUSSION

#### A. Subject Matter Jurisdiction

The Court will first consider the threshold matter of subject-matter jurisdiction. As discussed above, the Court has jurisdiction over the litigation only if the parties are completely diverse and if the amount in controversy is satisfied. As to the amount in controversy, the Complaint alleges simply and conclusorily that "[t]he amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." Compl. ¶ 11. Defendants note that the Complaint also alleges that the insurance policy between the parties is exhausted, yet fails to explain how such a circumstance could create a sum at stake that exceeds $75,000. Mot. to Dismiss 10; Compl. ¶ 20 (Plaintiff "paid the applicable limit of insurance in the payment of judgments and/or settlement."). In its Response, Plaintiff explains that it seeks a declaration that it is not obligated to pay Defendants certain legal defense costs. To that end, it attaches a legal billing invoice from Defendant KB Home for $82,314.74, which Plaintiff says represents an

5

amount it disputes that it owes. Pl. Resp. Ex. B. In their Reply, Defendants contend that the Court cannot consider the billing document because it has not been authenticated. But Defendants cite no authority requiring that material supporting subject-matter jurisdiction be admissible at trial. *See Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006) ("At the summary judgment stage, evidence need not be submitted in a form that would be admissible at trial." (quotation omitted)). Defendants also dispute $54,980.35 of the total fee amount as a sum that Plaintiff "unquestionably owes." Reply 5. But that argument goes to the merits of the underlying suit, and the Court finds that Defendants have failed to satisfy their substantial burden of showing that the value of the object of the litigation cannot to a legal certainty exceed $75,000.

Tellingly, Plaintiff fails to address in its Response Defendants' other contention regarding subject matter jurisdiction: that Plaintiff has failed to show that the parties in the suit are completely diverse. The Complaint adequately alleges the citizenship of the Plaintiff and KB Home Defendants (all corporations) involved in the suit, but as to Stock, an LLC, the Complaint says only that it "is organized and existing under the laws of North Carolina" and has "its principal place of business in North Carolina." Compl. ¶ 7. But "the citizenship of a limited liability company . . . is determined by the citizenship of all of its members." *Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). Plaintiff contends that jurisdiction "need not be plead with specificity," Resp. 2, but the Complaint is completely devoid of *any* facts or specific statements of personal knowledge upon which the Court could determine that Section 1332(a)(1) was satisfied, other than the Complaint's conclusory statement that "Plaintiff and Defendants are citizens of different states." *See Betskoff v. Enterprise Rent A Car Co. of Baltimore, LLC*, 2012 WL 32575, at *9 (D. Md. Jan. 4, 2012)

6

(Court "lacks sufficient information as to defendant's citizenship" where none of the LLC's members are identified in the complaint); *Reid v. "The Wailers," etc., et al.*, 606 F. Supp. 2d 627 (ED Va. 2009).

Failure to properly allege the citizenship of the members of an LLC warrants granting Plaintiff leave to amend to cure the jurisdictional deficiencies in the Complaint. *Meyn Am., LLC v. Omtron USA LLC*, 856 F. Supp. 2d 728, 733 (MDNC 2012) ("[A]lleging the wrong information about a limited liability company . . . constitutes a defective allegation that may be properly amended." (quotation omitted)); *Scholl v. Sagon RV Supercenter, LLC*, 249 F.R.D. 230, 235 (WDNC 2008). Accordingly, Plaintiff is **GRANTED** leave to amend the complaint within fourteen (14) days of the date of this Order to allege sufficient facts regarding the citizenship of the members of Defendant Stock.

### B. Personal Jurisdiction & Venue

Defendants' Motion to Dismiss also alleges that the Court lacks personal jurisdiction over them, that the Eastern District of Virginia is an improper forum for the case, and that district court in North Carolina is a more appropriate forum. The Court will address the parties' arguments as to venue and/or personal jurisdiction if it determines that it has subject-matter jurisdiction over this matter. If the Court decides that it is appropriate to transfer to a more convenient venue, it may do so without deciding whether it has personal jurisdiction. *Datasouth Computer Corp. v. Three Dimensional Techs., Inc.*, 719 F. Supp. 446, 449-50 (WDNC 1989). *See also Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2nd Cir. 2005).

### IV. CONCLUSION

For the reasons stated above, the Court declines to rule at this juncture on Defendants' Motion to Dismiss. Instead, Plaintiff is **GRANTED** leave to amend the Complaint within

fourteen (14) days of the date of this Order to allege sufficient facts regarding the citizenship of the members of Defendant Stock.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

                                                      Raymond A. Jackson
                                                     **United States District Judge**

Norfolk, Virginia
October 22, 2013