IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-831-BR(2)

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| KB HOME and KB HOME RALEIGH-DURHAM, INC., and STOCK BUILDING SUPPLY, LLC, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**ORDER**

This matter is before the court on the following motions:

1. Motion to Quash or in the Alternative, Motion for Protective Order filed by KB Home and KB Home Raleigh-Durham, Inc. (collectively "KB Home defendants") [DE #64];

2. Motion to Compel Discovery filed by KB Home defendants [DE #65];

3. Motion to Intervene and for Protective Order filed by Stock Building Supply, LLC ("Stock") [DE #70]; and

4. Motion for Leave to file Opposition to Motion to Compel filed by Stock [DE #77].

The parties have fully briefed the issues, and a hearing was held on April 30, 2015, at which the court heard the arguments of counsel and announced its rulings on the aforesaid motions. For the reasons stated in open court, which are incorporated herein by reference, the court enters the orders set forth herein.

## BACKGROUND

This is a declaratory judgment action which arose as a result of an action filed in Wake County Superior Court in December 2008. *See Mark Elliott et al. v. KB Home North Carolina and KB Home Raleigh-Durham, Inc.*, No. 08-CVS-21190 (Wake Cnty. Sup. Ct.). The plaintiffs in the state-court action are homeowners who have alleged that the KB Home defendants and their subcontractor, Stock, installed HardiePlank Siding without proper moisture or weather resistant barriers, causing damage to their homes. On June 14, 2013, Liberty Mutual Fire Insurance Company ("Liberty Mutual") filed this action seeking a declaration of its rights as an insurer of the KB Home defendants under two commercial general liability insurance policies issued by Liberty Mutual to Ferguson Enterprises, Inc. and Stock.

## DISCUSSION

### A. Stock's Motion to Intervene and for Protective Order [DE #70]

Stock, formerly a party to this action, moves to intervene asserting that certain discovery requests served on Liberty Mutual seek information that is privileged and confidential to Stock and that intervention is necessary to protect Stock's interests during discovery. The court GRANTS Stock's motion to intervene for the limited purpose of protecting its interests in discovery.

B.  KB Home Defendants' Motion to Compel [DE #65]

   1.   Requests for Admission

The court denies the KB Home defendants' motion to compel further responses to Requests for Admission 11 and 15, and orders Liberty Mutual to provide more particularized responses to Requests 18, 27, 29, and 31.

   2.   Interrogatories

At the hearing of this matter, Liberty Mutual agreed to provide additional information in response to Interrogatory 4.

With regard to Interrogatories 6, 7 and 8, the court orders Liberty Mutual to state the reasons why it is contending there is no coverage for the legal defense of the KB Home defendants, state the dates of its investigation of coverage under the policies at issue in this action, list the documents considered in its coverage determination, and provide the names of any individuals involved in its investigation or its coverage determination.

In further response to Interrogatory 13, the parties agreed that subject to a protective order to be agreed upon by the parties or ordered by the court, Liberty Mutual would provide the KB Home defendants with a spreadsheet setting forth the following information as to any claims made against the insurance policies at issue in this case: (1) date of each claim submitted; (2) date of each payment made; (3) the amount of each such payment; (4) the nature of the claim made; and (5) the name of the insured. Liberty Mutual further agreed to supplement its response

concerning the date it notified the KB defendants of the exhaustion of the policies at issue.

As to Interrogatories 18, 19, and 20, Liberty Mutual agreed to clarify or supplement its responses in light of the additional disclosures to be made, subject to a protective order to be agreed upon by the parties or ordered by the court.

3.  Requests for Production

With regard to Request for Production 6, the court ordered Liberty Mutual to provide the KB Home defendants with any insurance policies requested for the period of 2004 to present, subject to a protective order to be agreed upon by the parties or ordered by the court.

Liberty Mutual agreed to produce claims handling guidelines and information responsive to Request 12 subject to a protective order agreed upon by the parties.

Liberty Mutual represented that it had produced all non-privileged information contained in its "additional insured file" on the KB Home defendants, as well as its "primary insured file" on Stock and that it had further provided privilege logs as to any information withheld. Based on these representations and Liberty Mutual's agreement to provide a spreadsheet concerning claims made against the insurance policies at issue in this case, the parties agreed that no further response to Requests 8, 41, 42, 43, or 44 was needed at this time.

The parties further agreed that no additional disclosure need be made at this time as to the following Requests for Production: 9, 10, 19, 25, 26, 27, 28, 29, 30, 34, 35, 36, 37, 38, 39, 40 additional need.

Liberty Mutual shall provide all such further discovery as set forth herein within thirty (30) days of the date of this order.

C.  KB Home Defendants' Motion to Quash or for Protective Order [DE #64]

KB Home defendants' motion to quash or for protective order is GRANTED as to the subpoenas issued by Liberty Mutual to the KB Home defendants' 30(b)(6) representatives and American Guarantee and Liability Insurance Company. Liberty Mutual may renotice such depositions for a date no earlier than forty-five (45) days after Liberty Mutual has provided the additional discovery ordered herein.

The court makes no ruling with regard to the deposition of the KB Home defendants' trial counsel as no notice of deposition has been issued by Liberty Mutual. Should Liberty Mutual decide to notice a deposition of trial counsel following the 30(b)(6) deposition of the KB Home defendants, the KB Home defendants may refile their motion at that time.

D.  Stock's Motion for Leave to Respond to Motion to Compel [DE #77]

In light of the court's ruling on Stock's motion to intervene, Stock's motion for leave to respond to the KB Home defendants' motion to compel is moot. Accordingly, Stock's motion is DISMISSED and its proposed response to the KB Home defendants' motion to compel is accepted as filed.

5

Case 5:13-cv-00831-BR   Document 106   Filed 05/04/15   Page 5 of 6

## CONCLUSION

The court hereby orders as follows:

1. Stock's motion to intervene for the limited purpose of protecting its interests in discovery [DE #70] is GRANTED and Stock's proposed response to the KB Home defendants' motion to compel is accepted as filed.

2. The motion to quash or for protective order filed by the KB Home defendants [DE #64] is GRANTED IN PART as more fully set forth herein and otherwise DENIED.

3. The motion to compel filed by the KB Home defendants [DE #65] is GRANTED IN PART as more fully set forth herein and otherwise DENIED.

4. Stock's motion for leave to respond to the KB Home defendants' motion to compel [DE #77] is DISMISSED as moot in light of the court's ruling on Stock's motion to intervene.

5. The parties are directed to confer and to jointly submit, within thirty (30) days of the date of this order, a proposed protective order and proposed amended discovery plan for the court's consideration.

This 4th day of May 2015.

/s/ Kimberly A. Swank
KIMBERLY A. SWANK
United States Magistrate Judge