IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>KB HOME, KB HOME RALEIGH-DURHAM INC., and STOCK BUILDING SUPPLY, LLC,<br><br>Defendants. | Case No.: 5:13-cv-00831-BR |

### CONSENT PROTECTIVE ORDER

This matter came on before the Court on the Motion to Intervene and for Protective Order [DE #70]. A hearing on that Motion and others was held on April 30, 2015, and the Court issued an order dated May 4, 2015 [DE #106]. Pursuant to the order, the parties were to confer and jointly submit a proposed protective order. Plaintiff Liberty Mutual Fire Insurance Company ("Liberty Mutual"), Defendants KB Home and KB Home Raleigh-Durham Inc. ("KB Home"), and Intervenor Stock Building Supply, LLC ("Stock") (each referred to as a "Party" or collectively as the "Parties") all conferred and submitted this Consent Protective Order. Therefore, for good cause shown, the Court ORDERS as follows:

1. DEFINITIONS

Throughout this Order, these terms shall have the following meanings:

    1.1. <u>Confidential Material</u>: Any Disclosure or Discovery Material (whether produced by a Party or non-party) believed in good faith to contain, reflect or concern (i) confidential information; (ii) trade secrets within the scope of Rule 26(c)(1)(G)(iii) of the

Federal Rules of Civil Procedure; (iii) business plans and confidential sales or marketing information; (iv) confidential technical know-how; or (v) other highly-sensitive proprietary, commercial, and financial information that would be competitively harmful if made public or disclosed to a Party or non-parties to this Action. Confidential Material encompasses both the physical document, transcript, pleading, recording, thing, etc., and the information contained therein. Confidential Material shall not include documents, materials, testimony or information that:

    (a)      is already public knowledge; or

    (b)      becomes public knowledge through disclosure by the Producing Party or through the Producing Party's failure to use reasonable efforts to prevent disclosure; or

    (c)      has come or shall come into the Receiving Party's legitimate possession from some source other than a Producing Party.

    1.2.    <u>Counsel</u>: Attorneys who are retained to represent or advise a Party or non-party in this action (including in-house counsel).

    1.3.    <u>Designating Party</u>: A Party or non-party that designates as "Confidential" information or items that it produces in disclosure or in responses to discovery.

    1.4.    <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    1.5.    <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or a non-party or its counsel to serve

2

Case 5:13-cv-00831-BR   Document 109   Filed 06/09/15   Page 2 of 15

as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

1.6. <u>Party</u>: Any party to this action, including all of its officers, directors, employees, and counsel (and their support staff).

1.7. <u>Producing Party</u>: A Party or non-party that produces Disclosure or Discovery Material in this action.

1.8. <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

1.9. <u>Receiving Party</u>: A Party, Counsel, Expert, or Professional Vendor that receives Disclosure or Discovery Material from a Producing Party.

2. <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

3. <u>DESIGNATING PROTECTED MATERIAL</u>

3.1. <u>Exercise of Restraint and Care in Designating Material Confidential</u>.

Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies for "Confidential" treatment. A Confidential designation constitutes a representation to the Court that the Designating Party (and counsel, if any) in good faith believes that the information so designated constitutes Confidential Material as defined herein.

If it comes to a Party's or a non-party's attention that information or items that it designated as Confidential do not qualify for "Confidential" protection, that Party or non-party must promptly notify all other Parties that it is withdrawing the mistaken designation.

Designations shall not give rise to any legal presumptions or admissions. The fact that information has been designated as Confidential or Protected Material may not be used as evidence to support any claim or defense.

3.2. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" on each page that contains protected material. When the information is in such form that a stamp or mark cannot be reasonably placed thereon, then such information may be designated as "Confidential" in such a manner as is reasonable under the circumstances to place the Parties on notice of the confidential nature of the information.

(b) <u>For testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify all protected testimony by: (1) declaring the same on the record before the close of the deposition, hearing, or other proceeding, or (2) in the case of a deposition, designating specific lines and pages as "Confidential" and serving such designations within ten (10) days of receipt of the deposition transcript in which the designations are made. The entirety of all deposition

transcripts shall be treated as "Confidential" for the ten-day period following receipt of the transcript. After the ten-10 day period, only those portions of the testimony that are appropriately designated for protection shall be covered by the provisions of this Protective Order.

Transcript pages containing Confidential Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER," as instructed by the Party or non-party making the designation.

(c) <u>For information produced in some form other than documentary, and for any other tangible items,</u> that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

3.3. <u>Inadvertent Failures to Designate</u>. If corrected within a reasonable time of disclosure, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, but shall not be deemed in violation of this Order for any use of the information prior to the Designating party's "Confidential" designation.

5

4. CHALLENGING CONFIDENTIALITY DESIGNATIONS

4.1. <u>Timing of Challenges</u>. The Parties are not obligated to challenge the propriety of any designation or treatment of information as Confidential, and the failure to do so promptly shall not preclude any subsequent objection to such designation or treatment, or any motion seeking permission to disclose such material to persons not otherwise entitled to access under the terms of this Order.

4.2. <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's Confidential designation, whether to an entire document or thing, or to a portion of a document or thing, must begin the process by meeting and conferring in good faith with counsel for the Designating Party. In conferring, the challenging Party must give the Designating Party five (5) business days to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first.

4.3. <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation (subject to Section 4.2 above) may file and serve a motion that identifies the challenged material and sets forth the *basis* for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party, who must show that the designation was supported by good cause. If the Court concludes that the "CONFIDENTIAL" designation or the challenge to that designation was improper, the Court in its discretion may award attorneys' fees to the prevailing party. Until

6

the Court rules on the challenge, all parties shall continue to treat the material in question as Confidential.

5. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

5.1. Storage of Confidential Material. Confidential Material must be stored and maintained by a Receiving Party at a location and in a secure manner that reasonably ensures that access is limited to the persons authorized under this Order.

5.2. Disclosure of Confidential Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Confidential Material only to:

(a) The Receiving Party's Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) The Receiving Party and the officers, directors, and employees (including in-house counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts and/or Professional Vendors (as defined in this Order) of the Receiving Party to whom disclosure is made in connection with their engagement who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(d) The Court and its personnel;

(e) Court reporters and their staffs;

(f) Witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A). If any

Confidential Material is to be disclosed during a deposition, the agreement to be bound and subject to jurisdiction may be made on the record and under oath, rather than in writing, and any objection may also be made orally. If the deponent refuses to sign Exhibit A and if the questioning counsel reasonably believes that the disclosure of Confidential Material is necessary for the prosecution or defense of this lawsuit, then the questioning counsel may disclose the Confidential information to the deponent after providing a copy of this Order to the deponent and advising the deponent that he or she is subject to the provisions of this Order.

   (g)  The author of the document or the original source of the information.

   (h)  Any designated mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

   5.3. <u>Use of Confidential Material</u>. All Confidential Material produced during the discovery in this action shall be used by a Receiving Party only for the prosecution or defense of this action and shall not be used or employed by a Receiving Party for any other purpose whatsoever.  Nothing in this Order shall limit any person's use or disclosure of his/her/its own information, regardless of the designation of that information as Confidential.

   5.4. Nothing in this Order shall bar or otherwise prevent any attorney from rendering advice to his or her client with respect to this lawsuit or from prosecuting or defending this lawsuit in reliance on his or her examination or knowledge of Confidential Material; except that in doing so, the attorney shall not disclose the contents of any Confidential Material to any person not authorized to receive it under the terms of this Order.

   5.5. All executed copies of Exhibit A shall be retained by the Receiving Party.

6. <u>CONFIDENTIAL MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena, document request, or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by confirmed fax or overnight courier) immediately and in no event more than five (5) business days after receiving the subpoena, document request, or order. Such notification must include a copy of the subpoena, document request, or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena, document request, or order to issue in the other litigation that some or all the material covered by the subpoena, document request, or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena, document request, or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena, document request, or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

7. <u>UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Protective

Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Confidential Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

8. FILING PROTECTED MATERIAL

No Party or non-party may file in the public record in this action any Confidential Material. Rather, all Confidential Materials must be filed under seal in accordance with the Local Rules of the United States District Court for the Eastern District of North Carolina. A redacted version of all documents filed under seal must be filed in the public record.

In accordance with Section T(1)(a) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, each time a Party or non-party seeks to file any material under seal, the Party or non-party shall accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing Party or non-party can cite a statute or rule (federal, local or standing order) that requires the filing to be sealed. Absent such authority, the filing Party or non-party must submit a supporting memorandum that specifies:

(i) the exact document or item, or portions thereof, for which filing under seal is requested;

(ii) how such request to seal overcomes the common law or the First Amendment presumption to access;

(iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

      (iv) the reasons why alternatives to sealing are inadequate; and

      (v) whether there is consent to the motion.

In addition to the motion and supporting memorandum, the filing Party or non-party must set out such findings in a proposed order to seal.

      With respect to Confidential Material designated by a Party or non-party other than the filing Party or non-party, the Designating Party shall have the burden of persuasion on the issues in subsections (ii), (iii), and (iv), above. The Designating Party may brief these issues in response to the motion to seal, in accordance with the Local Rules of this Court.

      This procedure for filing Confidential Material under seal shall apply to all filings, including filings made to challenge designations.

      In the event that a filing Party or non-party fails to comply with this procedure and causes Confidential Material to be filed unsealed, then the filing Party or non-party shall immediately take reasonable steps to correct the non-compliance. The failure of a Party or non-party to comply with this procedure with respect to its own Confidential Material alone shall neither impair the Confidential status of the material nor constitute a waiver of, or estoppel as to, any claim of confidentiality. The failure of one Party or non-party to comply with this procedure with respect to the Confidential Material of another Party or non-party shall in no way impair the Confidential status of the material.

      9.    <u>FINAL DISPOSITION</u>

      Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Confidential Material to the Producing Party or destroy it, at the election of the Receiving Party. As used in this section, "all Confidential Material" includes all copies, abstracts, compilations,

summaries or any other form of reproducing or capturing any of the Confidential Material. Whether the Confidential Material is returned or destroyed, an authorized representative of the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that certifies that all the Confidential Material was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Confidential Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Material. Any such archival copies that contain or constitute Confidential Material remain subject to this Protective Order as set forth in Section 2 (DURATION) above.

10. PRODUCTION OF PRIVILEGED DOCUMENTS OR INFORMATION

Disclosure (including production) of information that a Producing Party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work-product, or other ground for withholding production as to which the Producing Party would be entitled in the litigation or any other federal or state proceeding. This Order is intended to provide the full protection afforded by Federal Rule of Evidence 502(d), providing that "A Federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court — in which event the disclosure also is not a waiver in any other Federal or State proceeding." Upon discovery by a Producing Party (or upon receipt of notice from another Party) that he/she/it may have produced Privileged Information, the Producing

Party shall, promptly upon such discovery, request the return of such information in writing by identifying the Privileged Information and stating the basis on which the Privileged Information should be withheld from production. After being notified, all other Parties (or non-parties, if applicable) must promptly return, sequester, or destroy the Privileged Information and any copies he/she/it has; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve the Privileged Information if he/she/it disclosed the Privileged Information before being notified. If any Party (or non-party, if applicable) disputes the privilege claim ("Objecting Party"), that Objecting Party shall notify the Producing Party of the dispute and the basis therefore in writing within ten (10) days of receipt of the request for the return of the Privileged Information. The Parties (or non-parties, if applicable) thereafter shall meet and confer in good faith regarding the disputed claim within ten (10) days. In the event that the Parties or non-parties do not resolve their dispute, any Party or nonparty may bring a motion for a determination of whether a privilege applies. If such a motion is made, the Producing Party shall submit to the Court for in *camera* review under seal a copy of the disputed information in connection with its motion papers. The submission to the Court shall not constitute a waiver of any privilege or protection. The Producing Party must preserve the information claimed to be privileged or otherwise protected until the claim is resolved.

Except as expressly set forth herein, nothing in this provision shall limit the bases on which the Objecting Party may challenge the assertion of any privilege or protection by the Producing Party.

11. MISCELLANEOUS

11.1. Right to Further Relief. Nothing in this Order abridges the right of any person to seek modification of this Order by the Court in the future.

11.2. <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Protective Order no Party or non-party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party or non-party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order. Nothing in the Protective Order, including the designation of any material as Confidential Material, shall be construed as a waiver of any claim or defense that any Party or nonparty may have in this action.

IT IS SO ORDERED this  9th   day of June , 2015.

_____
KIMBERLY A. SWANK
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

_____ of _____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court, Eastern District of North Carolina in Case No. 5:13-cv-00831-BR, I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

      I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of North Carolina for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

Printed name:_____

Signature _____
                    [signature]

~#4822-6019-2033~