UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-831-BR

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE ) <br> COMPANY, ) <br>       Plaintiff, ) <br>     v. ) <br> ) <br> KB HOME, KB HOME RALEIGH- ) <br> DURHAM, INC., and STOCK BUILDING ) <br> SUPPLY, LLC, ) <br>       Defendants. ) | ORDER |

This matter is before the court on plaintiff Liberty Mutual Fire Insurance Company's ("Liberty") motion for clarification, or in the alternative, for a stay of enforcement. (DE # 85.) Also before the court is the motion for contempt and to compel continuing payment of defense fees filed by defendants KB Home and KB Home Raleigh-Durham, Inc. (collectively "KB"). (DE # 89.) Liberty requests a hearing on both motions. (DE # 99.) The issues raised have been fully briefed and are now ripe for disposition.

This case arises from the settlement of a lawsuit involving two commercial general liability insurance policies Liberty issued to KB Home Raleigh-Durham, Inc.'s subcontractor, Stock Building Supply, in 2005 and 2006. On 14 June 2013, Liberty filed a declaratory judgment action in the Eastern District of Virginia, seeking a determination that it had fully discharged its obligation to pay defense costs and fees on behalf of KB in the underlying action. (DE # 1, at 6.) Following the transfer of this matter to this court, KB filed an answer and asserted five counterclaims against Liberty. (DE # 26.) Count five of KB's counterclaim requested declaratory relief regarding indemnification under the policies, Liberty's alleged

statutory violations, and Liberty's ongoing defense obligations to KB. (Id. at 25-26.) The parties each moved for judgment on the pleadings with respect to their respective requests for declaratory relief regarding Liberty's duty to defend KB in the underlying action. (DE ## 30, 39.)

On 28 October 2014, the court issued an order denying Liberty's motion for judgment on the pleadings and granting KB's motion for judgment on the pleadings. (DE # 56.) In the order, the court "declared that Liberty is obligated to continue to defend KB under the terms of the Defense Agreement." (Id. at 10.) Liberty subsequently filed a motion to alter or amend judgment, or in the alternative, to certify judgment for immediate appeal. (DE # 60.) On 28 January 2015, the court entered an order clarifying that only a portion of KB's counterclaim for declaratory judgment had been adjudicated, and denying Liberty's request for certification for immediate appeal. (DE # 76.) Pursuant to the court's order, the following of KB's counterclaims against Liberty remain to be litigated: (1) breach of insurance contract; (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; (4) unfair and deceptive trade practices; and (5) declaratory judgment regarding Liberty's indemnification obligations and alleged statutory violations.

Following the court's 28 January 2015 order, KB contacted Liberty requesting the immediate payment of KB's defense costs in the underlying action. (Pl.'s Mot. Clarify, DE # 85, at 2; Def.'s Mot. Compel, DE # 89, at 4.) Liberty declined KB's requests on the grounds that the court's 28 January 2015 order was interlocutory and could not be enforced as if it were a final judgment. (Pl.'s Mot. Clarify, DE # 85, at 2; Def.'s Mot. Compel, DE # 89, at 4-5.) The parties continue to dispute Liberty's ongoing defense obligations and whether the court's orders are immediately enforceable.

2

Liberty now requests the court to clarify that KB has no right of immediate enforcement until a final judgment is entered. (Pl.'s Mot. Clarify, DE # 85, at 3.) Additionally, KB seeks the court to hold Liberty in contempt for refusing to comply with the court's prior orders by immediately paying KB's defense fees and costs. (DE # 89.) Liberty requests a hearing on KB's motion for contempt, as well as a hearing on its motion for clarification to address overlapping issues related to the enforcement of the court's order. (DE # 99.)

As of now, the only thing the court has done is allow cross-motions for *partial* judgment on the pleadings. The court did not order anyone to do anything that would be enforceable by a contempt citation. See Steffel v. Thompson, 415 U.S. 452, 471 (1974) (noting that "noncompliance with [a declaratory judgment] may be inappropriate, but is not contempt"). Rather, the court's prior orders decided one issue in this case as a matter of law. A final judgment cannot be rendered until all the claims are disposed of. See Fox v. Baltimore City Police Dept., 201 F.3d 526, 530 (4th Cir. 2000) ("Ordinarily, a district court order is not "final" until it has resolved all claims as to all parties."). Therefore, there is nothing to further clarify or be done except dispose of the remaining claims.

For the foregoing reasons, Liberty's motion for clarification, (DE # 85), is GRANTED. KB's motion for contempt and to compel continuing payment of defense fees, (DE # 89), is DENIED. Liberty's motion for hearing, (DE # 99), is DENIED.

This 21 July 2015.

_____
W. Earl Britt
Senior U.S. District Judge