UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-831-BR

LIBERTY MUTUAL FIRE INSURANCE )
COMPANY, )
        Plaintiff, )
    v. )    ORDER
 )
KB HOME, KB HOME RALEIGH- )
DURHAM, INC., and STOCK BUILDING )
SUPPLY, LLC, )
        Defendants. )

This matter is before the court on the motion for partial judgment on the pleadings filed by defendants KB Home and KB Home Raleigh-Durham, Inc. (collectively "KB") on 10 February 2015. (DE # 80.) Plaintiff Liberty Mutual Fire Insurance Company ("Liberty") filed a response in opposition to the motion on 6 March 2015. (DE # 87.) Liberty filed a reply on 23 March 2015. (DE # 92.) The motion has been fully briefed and is ripe for disposition.

## I. BACKGROUND

This case arises from the settlement of a lawsuit involving two commercial general liability insurance policies Liberty issued to KB Home Raleigh-Durham, Inc.'s subcontractor, Stock Building Supply, in 2005 and 2006. In February 2012, KB and Liberty reached a settlement regarding Liberty's defense obligations and entered the "Settlement Agreement" and the "Elliott Defense Cost Agreement" ("Defense Agreement"). (See DE ## 26-1, 26-2.) After the execution of the agreements, Liberty reimbursed KB for its defense expenses in the underlying action until it provided notice on 9 May 2013 that it was ceasing further reimbursements due to the exhaustion of the policy limits on 12 March 2013. (Answer, DE # 26,

¶ 62.)  KB continued to submit invoices for its defense costs in the underlying action through 17 June 2013.  (See DE # 7-2.)

On 14 June 2013, Liberty filed a declaratory judgment action in the United States District Court for the Eastern District of Virginia, seeking a determination that Liberty had "fully discharged its obligation to pay defense fees and costs on behalf of [KB] pursuant to the Settlement Agreement and/or Defense Cost Agreement."  (DE # 1, at 6.)  Following the transfer of this matter to this court, KB filed an answer and asserted five counterclaims against Liberty: (1) breach of insurance contract; (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; (4) unfair and deceptive trade practices; and (5) declaratory judgment.  (DE # 26.)  Thereafter, the parties each moved for judgment on the pleadings with respect to their respective requests for declaratory relief regarding Liberty's duty to defend KB in the underlying action.  (DE ## 30, 39.)

On 28 October 2014, the court issued an order denying Liberty's motion for judgment on the pleadings and granting KB's motion for judgment on the pleadings.  (DE # 56.)  In the order, the court determined that "the Defense Agreement is a stand-alone document that controls the terms of Liberty's ongoing defense obligations, to the exclusion of the policies and the Settlement agreement."  (Id. at 9.)  Applying the terms of the Defense Agreement, the court concluded that the pleadings and incorporated material failed to establish that Liberty had fulfilled its defense obligations to KB.  (Id.)  The court, therefore, declared that "Liberty is obligated to continue to defend KB under the terms of the Defense Agreement."  (Id. at 10.)

Subsequently, Liberty filed a motion to alter or amend judgment, or in the alternative, to certify judgment for immediate appeal.  (DE # 60.)  On 28 January 2015, the court entered an

order clarifying that only a portion of KB's counterclaim for declaratory judgment had been adjudicated, and denying Liberty's request for certification for immediate appeal. (DE # 76.)

On 10 February 2015, KB filed the instant motion for partial judgment on the pleadings as to its second cause of action for breach of contract. (DE # 80.)

## II. DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A motion for judgment on the pleadings pursuant to Rule 12(c) is analyzed under the same standard of review as a Rule 12(b)(6) motion to dismiss. Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002). Under this standard, the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the motion, "a court accepts all well-pled facts as true and construes these facts in the light most favorable to the [non-moving party] in weighing the legal sufficiency of the c[laims]." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 680). However, the court "need not accept legal conclusions drawn from the facts as true" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd., 213 F.3d 175, 180 (4th Cir. 2000) (citations omitted).

In determining a motion for judgment on the pleadings, the court may consider documents attached to the pleadings, "so long as they are integral to the [pleadings] and authentic." Phillips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citation

omitted). The court may also review any document incorporated by reference in one of the pleadings. A document is incorporated by reference if it is "in a pleading . . . adopted by reference elsewhere in the same pleading or in any other pleading." Fed. R. Civ. P. 10(c).

**B. Analysis**

KB now seeks partial judgment on the pleadings as to its counterclaim for breach of contract. Specifically, KB argues that Liberty has breached the Defense Agreement as a matter of law by failing to defend KB in the underlying action from 12 March 2013 through the present. KB also seeks to recover attorneys' fees and costs incurred in this action.

The court first addresses KB's contention that Liberty's refusal to defend KB in the underlying action is a breach of the Defense Agreement. Under North Carolina law, "[t]he elements of a claim for breach of contract are (1) existence of a valid contact and (2) breach of the terms of that contract." Branch v. High Rock Lake Realty, Inc., 565 S.E.2d 248, 252 (N.C. App. 2002) (internal quotation marks and citation omitted). The parties acknowledge that the court has previously ruled that the Defense Agreement is a valid contract between the parties that comprehensively deals with Liberty's ongoing defense obligations from 11 December 2011 forward. The parties also agree that the court can consider the Defense Agreement, which was referred to and attached to the pleadings, in determining this motion.

Pursuant to the terms of the Defense Agreement, Liberty can be discharged from its ongoing defense obligations to KB only upon the occurrence of one of the following conditions: (1) the resolution of the Elliott Action "by settlement, verdict, or judgment"; or (2) the entry of a declaratory judgment should the plaintiffs in the Elliott Action either "assert a claim for mold damages" or "amend their complaint to allege damages not covered" by the policies. (See DE # 26-2, at 1-2.) Liberty has not alleged that either of the conditions necessary to terminate its

4

defense obligations has occurred. It is also undisputed that Liberty has not paid any of KB's defense costs in the underlying action since the purported exhaustion of the policies in March 2013. Accordingly, the court concludes that the pleadings and incorporated materials establish that Liberty has violated the terms of the Defense Agreement.

In addition to its breach of contract claim, KB also seeks the award of attorneys' fees and costs incurred in this action. Under North Carolina law, "a successful litigant may not recover attorney's fees, whether as costs or as an item of damages, unless such a recovery is expressly authorized by statute." Stillwell Enters., Inc., v. Interstate Equip. Co., 266 S.E.2d 812, 814 (N.C. 1980). In connection with breach of contract claims, North Carolina General Statute § 6-21.6(c) provides that "[i]f a business contract governed by the laws of this State contains a reciprocal attorneys' fees provision, the court or arbitrator in any suit, action, proceeding, or arbitration involving the business contract may award reasonable attorneys' fees in accordance with the terms of the business contract."

KB argues that it is entitled to recover attorneys' fees and costs as the prevailing party as provided by Paragraph 3 of the Defense Agreement, which provides as follows:

> LMFIC has the right to review the Firm's invoices for reasonableness of the fees/costs incurred. In the event LMFIC disputes any fees/costs in the Firm's invoices ("Disputed Fees"), LMFIC agrees to pay the undisputed fees ("Undisputed Fees") within 45 days from receiving the Firm's invoice(s) and to submit the Disputed Fees to arbitration. Prior to arbitration, the Parties shall first meet and confer to attempt any informal resolution of any Disputed Fees. If the meet and confer effort does not resolve the dispute, the Parties agree to submit the matter to binding arbitration before the American Arbitration Association in accordance with the Arbitration Rules and Procedures of the American Arbitration Association. All costs associated with arbitration will be advanced by LMFIC and KB equally and subject to reallocation after the prevailing party is determined. The prevailing party shall be entitled to its attorneys' fees and costs in the discretion of the arbitrator. The Parties acknowledge that they

5

> are waiving their right to a trial by jury as to the Disputed Fees.
> Binding arbitration is the sole remedy of resolving Disputed Fees.
> With respect to any other failures or breaches of LMFIC's
> obligations to KB HOME under the policies, this arbitration
> provision is inapplicable.

(DE # 26-2, at 2.)

Paragraph 3 of the Defense Agreement is an arbitration clause addressing fee disputes between the parties. An arbitration clause is a contractual term, and general rules of contract interpretation must be applied to determine a clause's applicability to a particular dispute. Zandford v. Prudential-Bache Sec., Inc., 112 F.3d 723, 727 (4th Cir. 1997). "Interpreting a contract requires the court to examine the language of the contract itself for indications of the parties' intent at the moment of execution." North Carolina v. Philip Morris USA Inc., 618 S.E.2d 219, 225 (N.C. 2005). "When the language of a written contract is plain and unambiguous, the contract must be interpreted as written and the parties are bound by its terms." Telerent Leasing Corp. v. Boaziz, 686 S.E.2d 520, 522 (N.C. Ct. App. 2009) (quoting Atl. & E. Carolina Ry. Co. v. Wheatly Oil Co., 594 S.E.2d 425, 429 (N.C. Ct. App. 2004)).

By its plain language, Paragraph 3 provides for attorneys' fees and costs in the context of fee disputes between the parties that are submitted to arbitration. KB has prevailed in this action in having the court determine that Liberty is in breach of the Defense Agreement. However, KB is not a prevailing party in any arbitration action addressing a fee dispute between the parties. By its very terms, Paragraph 3 does not provide for attorneys' fees should any party to the Defense Agreement institute a legal action to resolve a fee dispute instead of submitting the action to arbitration. Apart from Paragraph 3, the Defense Agreement contains no provision for the recovery of attorneys' fees by either party. Therefore, the court finds that KB is not entitled to an award of attorney fees pursuant to N.C. Gen Stat. § 6-21.6.

6

## II.  CONCLUSION

For the foregoing reasons, KB's motion for partial judgment on the pleadings, (DE # 80), is GRANTED as to the breach of contract claim.  KB's request for attorneys' fees in connection with the breach of contract claim is DENIED.

This 14 August 2015.

_____
W. Earl Britt
Senior U.S. District Judge