IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-831-BR(2)

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, </br></br>Plaintiff, </br></br>v. </br></br>KB HOME and KB HOME RALEIGH-DURHAM, INC., and STOCK BUILDING SUPPLY, LLC, </br></br>Defendants. | ORDER |

This matter is before the court on the following motions, which were referred to the undersigned by Senior United States District Judge W. Earl Britt pursuant to 28 U.S.C. § 636(b)(1)(A):

    1. Motion to Stay Proceedings filed by Defendants KB Home and KB Home Raleigh-Durham, Inc. (collectively "the KB Home Defendants") [DE #134]; and

    2. Motion to Compel Further Responses to Requests for Production of Documents filed by the KB Home Defendants [DE #142].

The issues raised have been fully briefed by the parties, and the motions are ripe for adjudication. For the reasons set forth below, the court grants the KB Home Defendants' motion to stay and denies without prejudice their motion to compel further discovery.

## BACKGROUND

At issue in this action are Liberty Mutual Fire Insurance Company's obligations to the KB Home Defendants as an additional insured under two commercial general liability insurance policies issued by Liberty to Stock Building Supply, LLC ("Stock") in 2005 and 2006. In December 2008, a group of homeowners filed a lawsuit in Wake County Superior Court alleging that the KB Home Defendants and their subcontractor, Stock, installed HardiePlank Siding without proper moisture or weather resistant barriers, causing damage to their homes. *See Mark Elliott et al. v. KB Home North Carolina and KB Home Raleigh-Durham, Inc.*, No. 08-CVS-21190 (Wake Cnty. Sup. Ct.).

On June 14, 2013, Liberty filed this action seeking a declaration of its rights under the policies, and the KB Home Defendants subsequently asserted counterclaims against Liberty for (1) breach of insurance contract; (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; (4) unfair and deceptive trade practices; and (5) declaratory judgment. On October 28, 2014, judgment on the pleadings was granted in favor of the KB Home Defendants on the issue of Liberty's duty to defend the KB Home Defendants in the underlying state-court litigation. (Order dated Oct. 28, 2014 [DE #56]; *see also* Order dated Jan. 28, 2015 [DE#76] (amending in part Oct. 28, 2014, order).) Remaining before the court are the KB Home Defendants' counterclaims one through four.

## DISCUSSION

The KB Home Defendants move to stay this action pending final disposition of the state-court litigation, which now involves a class of approximately 277 homeowners. They assert that Liberty continues to ignore its duty to defend the KB Home Defendants as previously ordered by the court. As a consequence, the KB Home Defendants claim their damages continue to mount and will not be fully ascertainable until resolution of the underlying *Elliott* action. Additionally, the KB Home Defendants argue that a stay is necessary in light of Liberty's refusal to provide, on grounds of privilege, discovery concerning settlement communications concerning the *Elliott* action while that action is pending.

Liberty opposes the KB Home Defendants' motion to stay. Liberty asserts that the limits of its policies were exhausted in March 2013 and that it therefore has no remaining duty to defend or indemnify the KB Home Defendants. Liberty argues there is nothing that can or will be adjudicated in the *Elliott* action that will determine whether the policies were exhausted and a stay is therefore unwarranted. Liberty further argues that there are "[n]o facts or claims that will be determined in the [*Elliott* action that] will be determinative of anything related to [the KB Home Defendants'] counterclaims for bad faith and unfair and deceptive trade practices." (Mem. Opp. Mot. Stay [DE #140] at 7.) Liberty claims it will be prejudiced if adjudication of the KB Home Defendants' counterclaims is delayed and, finally, that the privilege issues that exist will not be resolved by adjudication of the *Elliott* action.

Federal district courts have the power to stay their proceedings. "This power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Matherly v. Gonzales*, No. 5:11-CT-3020-BR, 2013 WL 393335, at *2 (E.D.N.C. Jan. 31, 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Whether to grant or deny a motion to stay proceedings calls for an exercise of judgment in weighing the various, competing interests of the parties to an expeditious and comprehensive disposition of all claims. *Id.* Delay alone is an insufficient basis for denying a stay because "delay is an inherent part of any stay." *Id.*

Having carefully weighed the parties' respective interests in this case, the undersigned determines that this action should be stayed pending resolution of the *Elliott* action. At the heart of the parties' dispute in this case is whether Liberty acted in bad faith in settling Chinese drywall claims made against Stock to the detriment of the KB Home Defendants' status as an additional insured under the policies issued by Liberty. The parties have become embroiled in disputes over the KB Home Defendants' right to discovery of information related to Liberty's claims handling and adjustment. Notwithstanding the fact that Stock was named as a defendant and failed to answer or otherwise appear in this action for more than a year and a half (presumably due to a collaborative relationship with Liberty), Stock was allowed to intervene in this action for the purpose of protecting its interests in privileged and confidential information that had been sought from Liberty by the KB Home Defendants. Both Stock and Liberty continue to fight demands for

4

information contained in the Stock claim file maintained by Liberty and settlement communications concerning the *Elliot* action, asserting that such information is protected by the attorney-client privilege or work-product doctrine. The KB Home Defendants argue that such information is critical to their claims and that any protections will disappear once the *Elliott* case is resolved. Stock does not concede that all information sought by the KB Home Defendants will be discoverable upon resolution of the *Elliott* action. However, Stock does not object to a stay, acknowledging that some of its concerns over the production of documents in its claim file may be mitigated upon resolution of the *Elliott* action. (Stock's Resp. Mot. Stay [DE #139] at 1-2.)

As it stands now, the KB Home Defendants will be forced to try their claims against Liberty prior to resolution of the 277 claims raised in the *Elliott* action. Due to the pendency of the *Elliott* action, Liberty and Stock have refused to disclose much of the information sought by the KB Home Defendants concerning Liberty's handling and adjustment of claims made against the KB Home Defendants. While adjudication of the state-court litigation may not resolve all of the parties' discovery disputes, it seems likely that the interests held by Liberty and Stock in preventing disclosure of settlement discussions and other information contained in Stock's claim file will be significantly diminished upon resolution of the *Elliott* action. The delay caused by a stay of this action is not so prejudicial to Liberty as to outweigh the parties' interests in full and complete disclosure of information relevant to their

5

claims and to a fair determination of any damages to which they may be entitled. Accordingly, the KB Home Defendants' motion to stay will be granted.

Because the court has decided to grant the motion to stay, the KB Home Defendants' motion to compel further discovery will be denied without prejudice to refile, if appropriate, after the stay is lifted.

## CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

1. The KB Home Defendants' motion to stay [DE #134] is GRANTED, and this action is stayed pending disposition of *Mark Elliott et al. v. KB Home North Carolina and KB Home Raleigh-Durham, Inc.*, No. 08-CVS-21190 (Wake Cnty. Sup. Ct.);

2. The KB Home Defendants' motion to compel [DE #142] is DENIED without prejudice to refile, if appropriate, after the stay is lifted; and

3. The parties shall promptly inform the court of any resolution of the *Elliot* action, whether upon motion, settlement, or trial and shall further file a joint notice informing the court of the status of the *Elliott* action on or about November 1, 2016, and every six months thereafter until such time as the stay is lifted in this action.

This 3rd day of May 2016.

_____
KIMBERLY A. SWANK
United States Magistrate Judge